IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THERESA L. SMALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 12-3018 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

OPINION

RICHARD MILLS, U.S. District Judge:

This is an action for judicial review of the Defendant's final decision denying Plaintiff Theresa Smalley's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Pending before the Court are the Plaintiff's Motion for Summary Judgment and the Defendant's Motion for Summary Affirmance.

I. BACKGROUND

On April 7, 2009, the Plaintiff filed concurrent applications for DIB

and SSI benefits, alleging a disability onset date of December 26, 2007–when she was 38 years old. The Plaintiff has an eighth grade education. Her past relevant work experience was as a theater manager. The Plaintiff's claims were denied initially and upon reconsideration.

On July 12, 2010, a hearing was held before Administrative Law Judge ("ALJ") Charles Brower. The Plaintiff and a vocational expert testified at the hearing. The Plaintiff amended her alleged onset date to December 24, 2008.

In a decision dated January 3, 2011, the ALJ found the Plaintiff to be not disabled. Upon the Plaintiff's request, the Appeals Council reviewed the ALJ's determination and, on November 21, 2011, issued a corrected unfavorable decision adopting the ALJ's ultimate non-disability findings. The Appeals Council's decision was the final act of the Commissioner. See 20 C.F.R. §§ 404.981, 416.1481. This appeal followed.

## II. ALJ'S DECISION

The ALJ found that the Plaintiff has not engaged in substantial gainful activity since her alleged onset date. He further determined that the

Plaintiff has a combination of impairments that is severe: a disorder of the lumbar spine and depression. However, the ALJ found that she did not have an impairment or combination of impairments that meets or medically equals the severity criteria of a listed impairment.

The ALJ concluded that Plaintiff has the residual functional capacity to do sedentary work, except that she has certain non-exertional limitations. Specifically, the Plaintiff cannot perform detailed activities of a somewhat complicated nature. The ALJ stated, however, that because the Plaintiff performs a wide range of chores and leisure activities, she has sufficient cognitive and attention ability to perform simply routine activities that have few social demands.

The Plaintiff contends the decision is not supported by substantial evidence because the ALJ failed to properly weigh the medical evidence. Additionally, the ALJ did not properly weigh the Plaintiff's credibility. The Plaintiff further asserts the ALJ relied upon flawed vocational expert testimony.

The ALJ noted the Plaintiff's primary care physician was Miguel

Ochoa, M.D. In January and February of 2009, the Plaintiff reported lower back pain. Dr. Ochoa prescribed Cyclobenzaprine, a muscle relaxant, Ibuprofen and Hydrocodone, as needed for pain. The ALJ noted that the MRI showed mild diffuse bulging disc at L2-3 through L4-5, but no focal disc herniation or spinal stenosis. There was some left neural foraminal encroachment at L4-5. Dr. Ochoa diagnosed chronic low back pain with some nerve involvement at L4-5 and continued her medications.

On March 23, 2009, the Plaintiff returned to Dr. Ochoa for low back pain follow-up. She stated she had difficulty ambulating. The Plaintiff returned to Dr. Ochoa in April and May of 2009, complaining of frequent urination and continued low back pain. Dr. Ochoa made no changes.

On July 13, 2009, the Plaintiff returned to Dr. Ochoa, who noted that Plaintiff had low back pain and pelvic pressure and could not work in that condition. Dr. Ochoa further found that because she had a high risk pregnancy, the Plaintiff could not work until after delivery.

The ALJ noted the Plaintiff had routine follow-up appointments relating to her pregnancy on July 23, August 20, September 10, September

18, October 17 and November 18, 2009. On December 20, 2009, the Plaintiff gave birth to a son.

On January 15, 2010, the Plaintiff returned to Dr. Ochoa complaining of severe back pain. Dr. Ochoa diagnosed chronic low back pain and prescribed Cyclobenzaprine, Ibuprofen and Hydrocodone. He prescribed no psychotropic medication. On February 12, 2010, the Plaintiff's medications were refilled.

Dr. Ochoa completed a Multiple Impairment Questionnaire dated February 13, 2010. He diagnosed manic depression (bipolar disorder) and severe back pain. Dr. Ochoa stated that CT scans and x-rays supported the diagnosis of back pain.

On April 10, 2010, the Plaintiff reported no new problems but continued back pain. Dr. Ochoa noted, "Doing ok no new problems, eating well." Her medications were renewed.

In a letter dated April 23, 2011, Dr. Ochoa stated that Plaintiff suffered from severe back pain and has bulging and deteriorating discs, in addition to severe depression and obsessive compulsive disorder. Dr.

5

Ochoa stated that he was unsure how long these conditions would affect her ability to work but that she had suffered from the conditions for a number of years.

The ALJ found that Dr. Ochoa's treatment records do not support the Plaintiff's testimony that she suffers from debilitating back pain. Moreover, Dr. Ochoa's "extremely cryptic notes" indicate complaints of back pain that is controlled with medication.

The ALJ further found that Dr. Ochoa's treatment records do not support the Plaintiff's testimony that she suffered from a debilitating mental limitation. Additionally, Dr. Ochoa did not at any time (1) note any of the debilitating limitations now alleged; (2) diagnose any mental condition; or (3) prescribe medication for a mental condition.

The ALJ based his finding as to the Plaintiff's physical residual functional capacity on the September 29, 2010 assessment of S.G. Raju, D.O., Ph.D., the SSA Consultative Physiatrist. Dr. Raju reviewed the Plaintiff's 2009 MRI of lumbosacral spine, which showed mild diffuse bulging disc, and noted she had not seen a back surgeon for her back pain.

Although the Plaintiff reported tenderness to palpation at the lower lumbar area, she had no paraspinal muscle spasm or muscle atrophy, no anatomic abnormality of her spine, no limitation of motion of any spinal segment, strong and normal strength (5/5) of both her upper and lower extremities, a normal ability to perform fine and gross manipulation, no limitation as to motion of any joints, negative straight leg raising bilaterally and normal sensation. The Plaintiff was unable to hop on one leg. However, the Plaintiff had no difficulty getting on/off the exam table, with in tandem walking, walking on her toes and heels, or squatting and rising, and had no need for an assistive device. Accordingly, Dr. Raju found that Plaintiff had no restrictions in sitting, standing, walking, hearing and speaking.

On December 28, 2010, Dr. Raju completed a medical source statement regarding the Plaintiff's ability to perform physical work-related activities. On the form, Dr. Raju indicated that Plaintiff could continuously lift/carry up to 10 pounds and frequently lift/carry up to 11/20 pounds. When asked to cite specific clinical findings in support, Dr. Raju noted "severe low back pain." Dr. Raju stated that Plaintiff could perform

7

eight hours of work per day, specifically finding she was limited to sitting 20 minutes at a time, for a total of three hours in an eight hour day; standing for ten minutes at a time, for a total of two hours in an eight hour day; and walking for fifteen minutes at a time, for a total of three hours in an eight hour day. When asked for specific clinical findings in support, Dr. Raju noted "severe low back pain." Dr. Raju opined that Plaintiff had the continuous ability to engage in reaching, handling, fingering and feeling, and she could operate foot controls frequently.

The Appeals Council rejected certain restrictions noted by Dr. Raju in December of 2010, "finding that the claimant has no sitting, standing, or walking limitations other than the normal sedentary limitations of standing/walking up to two hours in an eight-hour workday and sitting up to six-hours in an eight-hour workday." Although the ALJ did not discuss these restrictions, the Appeals Council noted that this portion of Dr. Raju's report was inconsistent with his prior findings in September of 2010 and other evidence of record.

III. DISCUSSION

A. Standard of review

The Commissioner's decision must be upheld if it is supported by substantial evidence. See Moore v. Colvin, 743 F.3d 1118, 1120 (7th Cir. 2014). "Substantial evidence" includes "such relevant evidence as a reasonable mind accepts as adequate to support a conclusion." Id. (citations omitted). "Substantial evidence must be more than a scintilla but may be less than a preponderance." Schmidt v. Astrue, 496 F.3d 833, 841 (7th Cir. 2007). The ALJ's decision must include a "logical bridge from the evidence to the conclusions sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the Plaintiff] meaningful judicial review." See Moore, 743 F.3d at 1120.

B. Medical evidence

"A treating physician's medical opinion is entitled to controlling weight if it is well supported by objective medical evidence and consistent with other substantial evidence in the record." Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)). An ALJ must provide a "sound explanation" for rejecting a treating physician's opinion.

See id.

The ALJ stated that Dr. Ochoa's opinion was not entitled to controlling weight because it was not consistent with his treatment records. The Court agrees. As the Defendant alleges, Dr. Ochoa's findings are not supported by any clinical or objective evidence. Dr. Ochoa never performed a clinical physical examination of the Plaintiff. He only treated the Plaintiff's back pain complaints with medications. Dr. Ochoa did not refer the Plaintiff to a spine surgeon or prescribe physical therapy. This conservative course of treatment over the course of several years does not support Dr. Ochoa's opinion that Plaintiff was disabled due to back pain.

Additionally, Dr. Ochoa did not treat or address the Plaintiff's mental condition or any mental symptoms throughout his treatment of the Plaintiff. Accordingly, his opinion regarding the Plaintiff's mental health is entitled to little weight. See 20 C.F.R. § 404.1527(c)(2)(ii).

The ALJ further found that none of Dr. Ochoa's notes cite any of the debilitating limitations that he identified in his disability opinions. This finding is supported by the record.

Additionally, in July of 2009, it appears that Plaintiff's pregnancy was the only reason cited by Dr. Ochoa as to why she could not work. Dr. Ochoa's notes indicate that Plaintiff should not work until after the delivery of her baby because of a high risk pregnancy. It appears that based on information alleged to be from the Plaintiff's obstetrician, Dr. Ochoa stated that Plaintiff could not work for one year from September of 2009. There do not appear to be any records in support of such a restriction. The Court further notes that September of 2010 would have been well after the Plaintiff's pregnancy ended. As the Defendant notes, taking care of a newborn baby is not a proper basis for a disability finding. Moreover, the Plaintiff's ability to take care of her infant provides strong evidence that she was not disabled and was capable of performing sedentary work, as contemplated by the ALJ.

Accordingly, the Court concludes that the ALJ did not err by discounting the opinions of Dr. Ochoa.

The Court further concludes that the ALJ's reliance on the consultative examining physician, Dr. Raju, was reasonable. Dr. Raju's

clinical findings in September of 2010 were virtually normal. The Plaintiff did not have reduced joint motion, muscle spasms, sensory deficits or motor disruption.

Three months later, Dr. Raju did find that Plaintiff had limitations for sitting 20 minutes at a time for a total of three hours in an eight hour day; standing for ten minutes at a time, for a total of two hours in an eight hour day and walking for fifteen minutes at a time, for a total of three hours in an eight hour day. However, the Court notes that the Appeals Council recognized the inconsistency and determined that Dr. Raju's normal clinical findings supported a conclusion that she had no sitting, standing or walking limitations, except for the normal sedentary limitations of standing/walking up to two hours, and in sitting up to six hours in an eight hour workday, as referenced in Social Security Ruling 83-10. The Court finds that Dr. Raju's virtually normal clinical examination supports a finding that Plaintiff was able to do sedentary work.

Accordingly, the ALJ's finding based on the medical evidence that Plaintiff was capable of performing sedentary work is supported by

substantial evidence.

### C. Credibility finding

The ALJ found that Plaintiff's testimony concerning the extent of her limitations due to any impairments was not entirely credible because it was inconsistent with the objective evidence. Specifically, the Plaintiff's complaints of debilitating back pain was not supported by Dr. Ochoa's notes, which suggested periodic complaints of back pain controlled by medication. The ALJ further found that the objective medical evidence did not support the Plaintiff's testimony that she had a debilitating mental limitation.

An ALJ's credibility finding is entitled deference and should be overturned if it is "patently wrong." See Pepper v. Colvin, 712 F.3d 351, 367 (7th Cir. 2013). However, the ALJ must explain his credibility finding by pointing to specific reasons contained in the record. See id.

The Plaintiff contends the ALJ erred in describing her complaints of back pain as "periodic" and controlled by medication. The complaints were noted at every follow-up appointment with Dr. Ochoa. The Defendant

13

notes that Plaintiff did not make her first complaint of back pain until January of 2009, which was more than one year after she first alleged she was disabled (though she amended her alleged onset date to December of 2008).

The Court finds no error with the ALJ's description of the Plaintiff's back pain. The complaints were no more than once a month. In February of 2010, the Plaintiff reported that her medications helped. On other occasions, she wanted to continue with her medications which suggested that they were helping. It is also reasonable to infer that if the medications were not helping, the Plaintiff would have been referred to a specialist or some other measure would have been taken. Throughout the treatment, Dr. Ochoa treated the Plaintiff with conservative measures by prescribing medications. He did not refer the Plaintiff to another specialist or even prescribe physical therapy. Therefore, the ALJ's finding that Plaintiff's back pain was controlled by medication is supported by the record.

The Plaintiff also challenges the ALJ's finding that Dr. Raju's clinical examination findings were virtually normal. A review of Dr. Raju's notes

from the September 2010 examination support the ALJ's characterization. There were no objective abnormalities.

The Plaintiff also takes issue with the ALJ's observations of her at the hearing, in addition to the ALJ's statements about her ability to manage her household. The ALJ stated that he did not believe the Plaintiff demonstrated any pain behavior at the hearing. Although the Plaintiff stood up and sat down a number of times, purportedly to relieve pain, the ALJ did not believe those acts to be genuine. An ALJ may rely on his observations of a claimant at a hearing. See Olsen v. Colvin, 551 F. App'x 868, 875-76 (7th Cir. 2014). This factor alone is not particularly probative of the Plaintiff's credibility. It is only in combination with other factors that it has any significance. However, the Court is in no position to question the ALJ's observations.

The ALJ noted that Plaintiff lives at home with her husband who is disabled, her 18-year-old daughter, 8-months-old son and 5-months-old grandson. The ALJ found that her actions in caring for several others and managing the household were inconsistent with her claim of debilitating

15

back pain that precludes any work activity. The Plaintiff notes that the ALJ did not ask any questions about her living circumstances or household responsibilities. Accordingly, she claims the ALJ should not be permitted to make assumptions from the record.

Certainly, the ALJ could have developed the record more regarding the Plaintiff's daily activities. However, there is evidence in the record that Plaintiff's activities involved more than napping for three or four hours and staring at the walls, as she reported on her function report. The Plaintiff acknowledged that she did housework. She did cleaning, laundry and went out every day. In June of 2011, the Plaintiff reported that caring for her then 16-month old son "keeps me going." In light of these factors, the Court has no basis to find that the ALJ erred in finding that she cared for others and managed a household.

Based on all of these circumstances, the Court concludes that the ALJ's finding concerning Plaintiff's credibility is supported by substantial evidence.

D. Vocational expert testimony and residual functional capacity

The ALJ noted that a vocational expert testified that a person of the Plaintiff's age, education, work experience and residual functional capacity could perform the job of appointment clerk. The Plaintiff contends the ALJ relied on flawed testimony because the ALJ's hypothetical did not include all of the Plaintiff's limitations that are reasonably caused by her medical impairments.

For the reasons previously noted, the ALJ did not err in discounting the medical opinions of Dr. Ochoa. The ALJ's residual functional capacity finding was supported by Dr. Raju's treatment records and the limitations were properly included in the hypothetical question.

The Plaintiff further asserts the ALJ failed to accurately describe her mental limitations in his hypothetical to the vocational expert. The ALJ found that Plaintiff had moderate limitations in activities of daily living, moderate limitations in maintaining social functioning and moderate limitations in maintaining concentration, persistence or pace. However, the Plaintiff notes that the hypothetical to the vocational expert only limited her to no detailed activities of a somewhat complicated nature, and simple

routine activities that have few social demands. "When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." Stewart v. Astrue, 571 F.3d 679, 684 (7th Cir. 2009). In Stewart, the Seventh Circuit rejected the contention that the ALJ accounted for the claimant's "limitations of concentration, persistence and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with co-workers or the general public." Id. at 684-85.

As the Defendant alleges, however, no treating source found the Plaintiff to have any concentration, persistence or pace deficits, which distinguishes this case from Stewart and O'Connor-Spinner v. Astrue, 627 F.3d 614, 619-20 (7th Cir. 2010). Given that no treating source found that Plaintiff had concentration, persistence or pace deficits, the Court concludes that the ALJ's failure to include such limitations in the hypothetical to the vocational expert is of no significance.

Additionally, the vocational expert was asked to consider an individual capable of performing "simple routine activities which have few

18

social demands." The Plaintiff was also described as someone who was moderately limited in maintaining concentration and attention.

The Court concludes that, based on the ALJ's instructions, the vocational expert was able to consider the full scope of the Plaintiff's limitations. Accordingly, the vocational expert testimony was not flawed. The Court concludes that substantial evidence supports the ALJ's credibility finding.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that substantial evidence supports the Commissioner's decision.

<u>Ergo</u>, the Motion of Plaintiff Theresa L. Smalley for Summary Judgment [d/e 7] is DENIED.

The Motion of Defendant Commissioner of Social Security for Summary Judgment [d/e 11] is ALLOWED.

The Commissioner's decision denying the Plaintiff's claims for disability benefits is AFFIRMED.

Judgment shall be entered in favor of the Defendant.

19

CASE CLOSED.

ENTER: February 10, 2015

FOR THE COURT:

                                                                        s/Richard Mills
                                                                        Richard Mills
                                                                        United States District Judge